No. 22,442.

W. J. SCHROTH, *Appellee,* v. GEORGE BARDRICK, *Appellant,* and THE THOMAS MORTGAGE COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

TRIAL—*Improper Evidence—Prejudicial Error.* The proceedings considered, and held that certain evidence was improperly admitted, and that the error committed in admitting the evidence was prejudicial.

Appeal from Mitchell district court; RICHARD M. PICKLER, judge. Opinion filed January 10, 1920. Reversed.

*R. L. Hamilton,* of Beloit, for the appellant.

*R. M. Anderson,* of Beloit, and *Samuel Spencer,* of Emporia, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one against an agent to recover a portion of the proceeds of a loan procured for the plaintiff. A mortgage company from which a portion of the loan was obtained was joined as defendant. The verdict and judgment were against the agent, who appeals, and who will be referred to hereafter as the defendant.

The plaintiff sued for $868.43 and damages. The defendant pleaded payment of various sums by authority of the plaintiff, and admitted he had in his hands an unexpended balance of the proceeds of the loan, amounting to $251.73, which he brought into court for the plaintiff. The petition admitted that certain sums had been properly expended at his direction and for his benefit. At the trial he repudiated some of the items. A much disputed matter was whether or not the plaintiff was to pay the defendant a commission of $250 for procuring the loan. The verdict was for $501.73, which is the amount admitted by the defendant to be due, plus the amount of the disputed commission; therefore, it may be assumed all issues were determined in favor of the defendant, except that relating to payment of a commission.

The plaintiff gave the defendant a written application to the mortgage company for a loan of $5,000 at five and one-half per cent, and a commission of $250, payable concurrently with the loan. By agreement between the defendant and the mortgage company, they were to divide the commission equally. A principal coupon note and mortgage for $5,000, commission notes amounting to $250, and a commission mortgage, were prepared by the mortgage company, and were sent to the defendant for execution by the plaintiff. The plaintiff needed an additional $500, and the defendant arranged with a bank to furnish the money. The $5,000 note and mortgage to the mortgage company were duly executed. The commission notes and commission mortgage were not used, and the plaintiff signed a note for $750, which included $500 additional funds and the commission of $250. This note was secured by a second mortgage, and was discounted at the bank, the defendant himself paying the discount. The original commission notes and commission mortgage were not used, to avoid giving and recording a third mortgage. When the funds had been applied to payment of designated bills, the plaintiff was astonished at the smallness of the balance due him, disputed statements of account rendered by the mortgage company and by the defendant, and finally sued them both.

While the plaintiff testified, sometimes after being coached, that the defendant said the loan was to be at five and one-half per cent, without a commission, there was strong evidence to

the contrary. The evidence properly admitted will not be discussed further than to note that the written application providing for payment of a commission was not impeached. True, the plaintiff testified he did not have his spectacles, and did not read the application when he signed it, but those facts constituted no excuse for not knowing the contents of the instrument.

Another loan agent was permitted to testify, over objection, that he took the plaintiff's application for a loan of $5,500, at five and one-half per cent, and one per cent commission, and was on the point of closing the loan, when the plaintiff refused to take it, because, as he said, he was getting the money at five and one-half per cent. This testimony was clearly improper, and was likely to be damaging to the defendant, because it would appear, to the untrained mind of the jury, to furnish substantial corroboration of the plaintiff's testimony. The plaintiff's evidence stood in need of corroboration, and consequently the court is unable to say the error in admitting the evidence was not prejudicial.

The jury relieved the mortgage company from liability to the plaintiff. Judgment was rendered in its favor, and the plaintiff did not appeal. The defendant joined the mortgage company in this appeal, and it moves to dismiss. Since the mortgage company is no longer involved in the controversy, the motion to dismiss is allowed.

The judgment of the district court is reversed, and the cause is remanded with direction to grant a new trial respecting the single issue relating to payment of a commission for procuring the loan.