No. 23,066.

W. J. SCHROTH, *Appellee,* v. GEORGE BARDRICK, *Appellant.*

SYLLABUS BY THE COURT.

PROCURING LOAN — *Dispute Over Commissions — Evidence — Judgment.* The record examined, and the evidence held sufficient to sustain the judgment for plaintiff on the single issue of fact for the determination of which this cause was remanded to the district court in *Schroth v. Bardrick,* 106 Kan. 154, 186 Pac. 749.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed June 11, 1921. Affirmed.

*R. L. Hamilton,* of Beloit, for the appellant.

*R. M. Anderson,* of Beloit, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover $250 which the defendant exacted from the plaintiff as a commission in a transaction pertaining to a real-estate loan. The case was here before, and was reversed because of the admission of incompetent evidence (*Schroth v. Bardrick,* 106 Kan. 154, 186 Pac. 749), and remanded for a new trial on "the single issue relating to payment of a commission for procuring the loan."

The plaintiff owned a farm which was encumbered with a mortgage for $4,500. He applied to the defendant for a larger loan to pay off the original mortgage and to procure funds to improve his farm residence. This was the subject of some negotiations with defendant, and eventually defendant ar-

Schroth v. Bardrick.

ranged for the plaintiff a loan of $5,000 on the farm, and an independent loan of $500 or $750 on plaintiff's promissory note. The note was for $750, and the question at issue was whether it should have been for that amount or only for $500. Plaintiff had poor eyesight and could not read the papers the defendant required him to sign. He signed the papers—as he contends— in reliance upon the representations of defendant that he was getting the mortgage loan of $5,000 at five and one-half per cent, and the balance on his note for $500, at seven per cent. The defendant contends that the note was properly drawn for $750 to include his commission on the $5,000 loan. The defendant discounted the $750 note at a local bank. The defendant handled the funds procured by these loans. He paid off the old mortgage, and paid certain bills for the improvement of plaintiff's house, etc. When the $750 note became due, plaintiff was notified by the bank and went to inquire about it. The bank showed him the note and he acknowledged his signature. He then called upon defendant for an explanation.

"Q. And what was the conversation then, Mr. Schroth? A. Well, Mr. Bardrick told me that he knowed we would need a little more money and that is why he done it, he made it seven hundred and fifty dollars. I said that would be all right if I got the money and I went down and paid my interest."

The matter dragged along for some time awaiting an accounting of defendant's expenditures in plaintiff's behalf with the moneys procured by these loans. Then it developed that defendant had exacted a commission of $250 and this lawsuit followed.

Judgment was given for plaintiff, and defendant appeals.

Error is assigned in the admission in evidence of ten blank commission notes which had been partially prepared by the loan company for plaintiff's signature, but which were not used because the commission was added to the $500 note or because it was not to be charged at all. This evidence was of slight relevancy, but it was admissible for whatever it was worth.

It is next urged that plaintiff was erroneously permitted to testify that he had never received any money from defendant when in his petition he had admitted that defendant had paid out $4,881.57 for his benefit. The objection is not good. Plain-

tiff seems to have been an unlearned farmer who was telling his story as best he could. The jury did not misunderstand him; he merely meant that no cash had come into his hands from these loans.

The next error is based on the overruling of defendant's demurrer to plaintiff's evidence. The plaintiff's evidence, if true, clearly disclosed that no commission of $250 or any other sum was to be exacted for this loan. The evidence showed that plaintiff signed an application for a loan which included a commission of $275. There was some delay about getting this loan, and plaintiff called upon another loan agent, and when a loan for the latter was about to be procured, defendant met plaintiff on the street, and they had the following conversation. The record reads:

"When he asked me where I was going I told him down to Mr. Tice's. 'Why,' he says, 'What are you going to do there?' 'Why,' I says, 'I have got my loan down there.' He says, 'My papers are over there now.' I said, 'I can't help that now. I have got the loan through Mr. Tice.' 'Why,' he says, 'What do you have to pay?' 'Why,' I says, 'I have got to pay six and a half.' 'Why,' he says, 'Why will you pay six and a half when I have offered it to you at five and a half, and my papers are here,' and so he says, 'Why not come back up.' 'Well,' I says, 'I don't know,' and 'Well,' he says, 'You see your wife about it.' And I went and seen my wife, so me and her we went up there. . . .

"Witness went to Tice's office, came back to Bardrick's office and he and his wife signed the notes and mortgages."

The allegations of fraud were sufficient to admit the evidence touching the details of the transaction, and regardless of some possible discrepancies and inconsistencies in plaintiff's evidence, and however persuasive the evidence and argument for the defendant may have been before the trial court and jury, that cannot avail here, and the demurrer was properly overruled.

The other assignments of error have been carefully noted, but they do not require discussion. The verdict was not contrary to the evidence which the jury in the exercise of their duty and discretion saw fit to believe; the motion for a new trial disclosed nothing indicating that justice had miscarried or that another trial would be likely to bring about a different result; nor did the court err in rendering judgment for plaintiff. The single issue of fact for the determination of which

this cause was remanded to the district court is now settled, and it is without any error such as invalidated the former judgment; consequently this judgment must now be affirmed.

The judgment is affirmed.